IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC MOULTRIE,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-1153 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **LUZERNE COUNTY PRISON, et al.,** | : | |
| | : | |
| Defendants. | : | |

# M E M O R A N D U M

**I.   Background**

Plaintiff, Eric Moultrie, an inmate at the State Correctional Institution in Greensburg, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. §1983. Plaintiff claims that Defendants used excessive force during an altercation with him, and they denied medical care for the resulting injuries. Pending before the Court is the Plaintiff's Second Motion for Appointment of Counsel (Doc. 21). For the reasons that follow, the Motion will be denied.

**II.   Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the Court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In *Tabron*, the United States Court of Appeals for the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court

must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the Plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the Plaintiff to pursue investigation, (4) the Plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Plaintiff has set forth his complaint in legibly handwritten, understandable paragraphs.  The legal issues are relatively uncomplicated, they are not likely to require expert testimony or investigation, and the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.  Ultimately, this Court does not see any change in the Plaintiff's circumstances since  denial of his prior motion for appointment of counsel (Doc. 9) which would warrant a

different result on this motion (Doc. 21).

Therefore, Plaintiff's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the Court, on its own initiative, or upon a properly filed motion by the Plaintiff. An appropriate Order follows.

Dated: May 21, 2007.           /s/ A. Richard Caputo
                               A. RICHARD CAPUTO
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC MOULTRIE,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-1153** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **LUZERNE COUNTY PRISON, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW, THIS 21st DAY OF MAY, 2007**, **IT IS HEREBY ORDERED THAT** Plaintiff's Second Motion for Appointment of Counsel (Doc. 21) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the Court, on its own initiative, or upon a motion properly filed by the Plaintiff.

                                                 /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge